SIMRALL
*vs*
O'BANNONS.

---

CHANCERY.

*Case* 150.

*September* 30.

No promise made by a par'y not to plead or rely upon usury is obligatory.

## Simrall *vs* O'Bannons.

APPEAL FROM THE SHELBY CIRCUIT.

*Usury.    Partners.    Waiver of equity.    Assignees.*

JUDGE SIMPSON delivered the opinion of the Court.

IT very certainly appears from the evidence, that there is usury in the note of $1,315 20, assigned by M. W. O'Bannon to J. B. & R. W. O'Bannon. To the extent of this usury, Simrall is undoubtedly entitled to relief. Were it conceded that M. W. O'Bannon, his partner, had agreed to be accountable for this usury in the settlement of their partnership accounts, that agreement like all others entered into for the same purpose, is illegal and invalid, and does not preclude Simrall from availing

himself of his right in equity to have the usury purged out of the transaction. Nor is any promise made to the lender, not to plead or rely upon usury, obligatory on the party making it; it is but in substance, a promise to pay the usury. Every usurious agreement embraces such a promise, yet it does not deprive the party of his equitable right to exclude the usury, and absolve himself from its payment.

The testimony leaves the matter somewhat doubtful, whether at the time the note was given the payee avowed his intention to assign it, or whether the understanding of the parties was, that it was taken as a mere evidence of indebtedness by the firm, to one of its members, its payment ultimately depending on the result of the settlement and adjustment of the partnership concern. If, however, it were conceded that Simrall, at the time the note was executed, understood that it was to be transferred to J. B. & R. W. O'Bannon, that would not change the equities of the parties.

It is true, that had he, by his conduct, induced them to take the note, or had he executed it directly to them for the purpose of paying their debt, he would by so doing, have waived, so far as they are interested, any equity he might have against the payment of the demand. But although he may have understood that the note would be assigned, he may be presumed also to have known that the assignee would take it subject to all the equities existing against it in the hands of the assignor, and therefore, no implication can arise from the execution of the note, that he intended to waive, in favor of any third person, any defence that he might have against it. Nor do the assignees either alledge or prove that they purchased the note in consequence of his conduct or representations. It was received by them in discharge of a previous liability of the assignor to them, and so far as appears, without any information in relation to the circumstances attending its execution.

A partner who is the creditor of the firm, being himself liable for all the firm debts, cannot enforce payment of his demand until the debts due to other creditors are all paid. When that is done, if upon a settlement be-

*If one execute his note to a third person, or induce him to buy his note, it is a waiver of any equity against the payment thereof.*

*A partner who is a creditor of the firm, being himself liable for all the debts of the firm, cannot co-*

erce payment of
his demand until
the firm debts be
all paid, when
he may be paid
if there be a suf-
ficiency of assets
of the firm, if
not, the loss
must be appor-
tioned amongst
the members of
the firm.

tween him and the other partners, there is any thing due to him, he is entitled to it out of the assetts of the firm, if there be sufficient for the purpose, if not, the loss, whatever it may be, must be apportioned among the members of the firm. The assignees of the partner occupy his place, their attitude is the same, and their rights such as he would have had at the time of notice of the assignment, if he had still held the note himself. A note in the name of the firm to one of the partners, is a writing somewhat anomalous it its character, it creates but an imperfect legal obligation, it is not enforcible at law according to its import, but if enforced at all, has to be regarded for that purpose, as imposing a separate legal liability on one of the partners. It is, in effect, merely the evidence of one item of indebtedness in the account between the partners; its availability in equity depending upon the condition of the firm, and relative interests and liabilities of the partners as such. If assigned away the assignee takes it with all its imperfections and draw-

A note in the
name of a firm
to a member of
the firm, is evi-
dence of an item
of indebtedness
between the
members of the
firm; but not en-
forcible at law
according to its
import. Its avail-
ability in equity
depending upon
the condition of
the firm. If as-
signed, the as-
signee takes it
subject to all its
imperfections &
drawbacks as the
payee held it.

backs, legal and equitable. And as the partner himself, had he still retained the note, could only enforce payment of its full amount from the firm, in the event that the firm effects were sufficient to discharge his, as well as all other demands against it, his assignees are in no better condition, and their right to have the full amount of their demand made out of the other partner who has had the control and management of the partnership concerns, depends on the same contingency. The assignor, as one of the partners, is no doubt responsible to the assignees for the full amount of the consideration of the assignment, but the effort in this case by the assignees, is to hold the other member of the firm, (there being only two partners,) individually responsible for the whole demand. To render him so liable, it should appear on a settlement of the partnership transactions and dealings, that he is indebted to his partner, the assignor, in that amount.

Wherefore, the decree dismissing the complainant's bill with costs, and dissolving his injunction with damages is reversed, and cause remanded, that a full settlement of the partnership may be made, the amount of usury in the loan ascertained and excluded, and the rights

of the parties settled and adjusted according to the principles of this opinion.

*McHenry and Cates & Linsey* for appellant; *Pirtle and W. Bullock* for appellees.